UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-99-P-S |
| ) | |
| RAMON NIEVES, ) | |
| ) | |
|     Supervised Releasee ) | |

### ORDER

    This matter came before me this date for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The supervised releasee appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the supervised releasee for a revocation hearing.

    A release hearing was held at Nieves's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, Nieves is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

    Nieves was placed on supervised release on June 6, 2004 following his release from a term of imprisonment imposed in February 2004 upon his conviction in this court for distribution of heroin. There is probable cause to believe, based on the allegations contained in the revocation petition, that Nieves has a serious, continuing drug habit. Specifically, since his release from prison he has, on

1

several occasions, tested positive for, and in many instances admitted to the use of, cocaine, opiates and marijuana. Indeed, on one occasion he admitted to the use of marijuana while at High Point Treatment Center, an inpatient substance abuse treatment facility to which he was referred by his supervising probation officer. Moreover, on a number of occasions he failed to report, as required, for drug testing. I infer from those failures, viewed in the full context of his illegal drug use during the period of his supervised release, that the reason he failed to appear was because he knew he would test positive for controlled substances. Nieves has not shown that he has financial resources derived from legitimate sources of income with which to obtain these controlled substances, and none is apparent from the record. At the least, his unlawful use of controlled substances helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community.

The government does not contend that Nieves poses a risk of flight. But on this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that Nieves has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 17th day of August, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge